**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUPER 8 MOTELS, INC., : : Plaintiff, : : v. : : ALEXANDER INN, LLC, et al., : : Defendants. : : : | **Civil Action No. 06-192 (SRC)** **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to vacate default judgment pursuant to Federal Rule of Civil Procedure 60(b) filed by Defendants Alexander Inn, LLC, Suresh Patel and Shailendra Devdhara (collectively, "Defendants") [docket item # 14]. The Court has considered the parties' submissions in support of and in opposition to this motion, and, pursuant to Federal Rule of Civil Procedure 78, rules on the motion based on the papers submitted. For the reasons that follow, the Court grants the motion as to Defendant Alexander Inn and denies it as to the individual Defendants Patel and Devdhara.

**I.     BACKGROUND**

This action arises out of a failed franchise relationship between Plaintiff Super 8 Motels, Inc. (hereinafter "Plaintiff" or "SMI") and Defendants. On or about January 12, 2001, SMI

entered into a Franchise Agreement with Alexander Inn for the operation of a guest lodging facility in San Francisco, California.  The Franchise Agreement provides that in the event that Alexander Inn failed to meet its obligations, SMI could terminate the Agreement.  At the same time Alexander Inn and SMI entered into the Agreement, Devdhara and Patel executed a Guaranty of Alexander Inn's obligations under the Franchise Agreement.  The Guaranty provides that "upon default by Franchisee and notice from you we [Devdhara and Patel] will immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement."

According to the Complaint, Alexander Inn defaulted on its obligations under the Agreement and failed to cure the default.  Ultimately, after various notices of the continuing default, SMI advised Alexander Inn by letter dated April 18, 2003 that it was terminating the Agreement effective July 18, 2003.  Despite post-termination obligations requiring Alexander Inn to de-identify its guest lodging facility as a Super 8 Motel, Alexander Inn continued to use the Super 8 marks owned by SMI.

On January 13, 2006, SMI filed the instant action asserting claims of trademark infringement, an accounting for revenues earned by Alexander Inn, unjust enrichment and breach of contract.  Plaintiff states that, on February 2, 2006, it served Alexander Inn with the Summons and Complaint by leaving copies at the usual place of abode of Defendant Patel, who is Alexander Inn's authorized agent, with his wife.  On that date, it also served Defendant Patel by leaving copies of the Summons and Complaint at his usual place of abode with his wife.  On June 9, 2006, SMI served Defendant Devdhara.

None of the Defendants filed an Answer to the Complaint or otherwise defended against

Plaintiff's claims in this lawsuit.  SMI requested that the Clerk enter default against each of the Defendants, and copies of the requests were served upon the Defendants by regular mail.  SMI filed a motion for default judgment on December 14, 2006, which was also served on Defendants by regular mail.  Defendants failed to oppose or otherwise respond to that motion. On April 13, 2007, the Court granted SMI's motion for default judgment and entered a Final Judgment against Defendants in the amount of $487,726.84.

While the default judgment motion was pending, Defendants contacted SMI through the Asian American Hotel Owners Association about whether SMI would be interested in pursuing settlement of the parties' dispute.  SMI's attorneys contacted Patel.  During a telephone conversation in February 2007 between SMI's counsel and Patel, the attorney advised Patel of the pending motion for default judgment and of the approximate amount of money SMI claimed that Defendants owed it at that time.  This information was reiterated in a follow-up letter to Patel dated March 6, 2007.  It appears that no progress was made as to settlement of the dispute, and as stated above, despite their knowledge of this lawsuit and of the motion seeking entry of a judgment by default, the Defendants did not enter an appearance in the lawsuit.

On August 6, 2007, Defendants filed the instant motion to vacate default judgment.

## II.   DISCUSSION

Defendants argue that SMI's failure to serve Alexander Inn with the Summons and Complaint in this matter in compliance with the service requirements of Federal Rule of Civil Procedure 4(h)(1), renders the default judgment entered against Alexander Inn void for lack of personal jurisdiction.  On this basis, they ask that the Court vacate the default judgment, pursuant

to Federal Rule of Civil Procedure 60(b)(4).

Rule 4(h)(1) governs service of process upon corporations and associations. In relevant part, it provides that service shall be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the statute so requires, by also mailing a copy to the defendant." Alternatively, by incorporation of Rule 4(e)(1), the rule also provides that service may be effected by following the process presribed by "the law of the state in which the district court is located, or in which service is effected," which in this case are New Jersey and California, respectively.

The Court will not engage in an exhaustive discussion of the sufficiency or insufficiency of the service of process attempted upon Alexander Inn. It suffices to state that Plaintiff concedes that service upon Alexander Inn was technically deficient. Plaintiff argues, however, that due process concerns have been satisfied by the many facts of this case demonstrating that Alexander Inn had actual notice of the lawsuit against it.

Plaintiff's position finds no support in the well-established jurisprudence of this circuit with regard to the importance of technically proper service of the summons and complaint. Proper service of process is an indispensable prerequisite to personal jurisdiction over a party. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). It is by virtue of proper and effective service that the court obtains jurisdiction. Id. Even technical flaws in service are fatal to the attachment of personal jurisdiction over a party. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993). The Third Circuit Court of Appeals has summarized the law on this point as follows:

4

> Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction. Inquiry into the propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself. **A district court's power to assert in personam authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.** Notice to a defendant that he has been sued does not cure defective service . . .

Id. (emphasis added) (internal citations omitted).

Plaintiff SMI has not pointed to any action taken by Alexander Inn that might be interpreted to have waived the defect in service upon it. Id. Indeed, except for this motion, Alexander Inn has not made any appearance in this action, and has promptly - upon filing this motion - raised its objection to this court's *in personam* jurisdiction over it. Without proper service of process having been made on Alexander Inn, this Court lacked the power to enter the default judgment against it. "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

Thus, this Court concludes that the default judgment entered as to Defendant Alexander Inn must be vacated pursuant to Rule 60(b)(4) as void.

The default judgment against Patel and Devdhara, however, must stand. The individual Defendants have presented no good grounds which would warrant vacating the judgment against them under Rule 60. Defendants do not contend that Patel and Devdhara were not properly served with the Summons and Complaint, and in fact the information presented to the Court indicates that service complied with the Federal Rules of Civil Procedure. Thus, the default

judgments against these Defendants are not fatally flawed in the way described above with respect to Alexander Inn.  Defendants argue that the default judgments against Patel and Devdhara must nevertheless be vacated because, as mere guarantors of Alexander Inn's obligations under the Franchise Agreement, their liability derives exclusively from Alexander Inn's, and given the nullity of the judgment against Alexander Inn, the judgment against them lacks a good basis.  As reflected by their lack of citation to any supporting legal authority, Defendants' argument lacks merit.  The Guaranty is, simply put, not tied to Alexander Inn's liability under the Franchise Agreement, and thus the lack of judgment against Alexander Inn has no effect on the guarantors' assumption of any obligations Alexander Inn had or has under the Agreement.  By executing the Guaranty, Patel and Devdhara bound themselves personally to the Franchise Agreement.

Though properly served on or about February 2, 2006 and June 9, 2006, respectively, Patel and Devdhara did not Answer the Complaint or otherwise defend against the claims asserted by SMI in the Complaint.  Thus, default judgment was properly entered pursuant to Rule 55 on April 13, 2007.  As a consequence of the entry of a default judgment "'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).  The Eighth Count of the Complaint, which asserts a claim against Patel and Devdhara, alleges that Alexander Inn defaulted under the Franchise Agreement, and that by virtue of the Guaranty, Patel and Devdhara are bound to "make each payment and perform each obligation required of Alexander Inn under the Franchise Agreement."  As to Patel and Devdhara, the Court accepts

6

these allegations as true, regardless of Alexander Inn's presently alleged but undetermined liability for the claims asserted in the Complaint.

     Defendants' alternative basis for moving to vacate the default judgment against Patel and Devdhara under Rule 60(b) is unavailing. Under the rule, a court may grant relief from a judgment when there has been a mistake, excusable neglect, newly discovered evidence or fraud. Fed. R. Civ. P. 60(b)(1)-(3). Defendants have failed to identify any of these grounds as underlying their failure to enter an appearance in this case until filing this motion to vacate default judgment, well over a year after being served with the summons and Complaint. The factors a court must consider in exercising its discretion to grant or deny a motion under Rule 60(b) also militate against granting the motion. These factors are (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Setting aside the judgment and re-opening the case would prejudice SMI. The Agreement at issue was terminated over four years ago, yet the obligations of Defendants under the Agreement remain unfulfilled. Vacating the judgment would only serve to delay compliance further. Moreover, it would also work a prejudice in that it would contravene the policy favoring finality of judgments. Kock v. Gov't of Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987). Defendants have not demonstrated that they have a meritorious defense to SMI's claims. Rather, they simply argue that SMI's performance with respect to its Property Management System was deficient, and specifically that the reservation system did not perform as Defendants expect it to. Defendants' unsubstantiated allegations about deficient performance by SMI do not justify vacating the default judgment. Finally, Defendants' conduct in failing to

answer or defend is culpable. They offer no reason for their inaction with respect to the lawsuit for over a year after service, nor any reason for continued inaction even after communications with SMI's counsel regarding this lawsuit and SMI's intentions to seek entry of judgment against them by default.

Rule 60(b) "is intended to be a means of accomplishing justice in extraordinary situations." Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Defendants Patel and Devdhara have not persuaded this Court that theirs constitutes an extraordinary situation. Accordingly, as to Defendants Patel and Devdhara, the Court denies the motion to vacate default judgment.

### III.  CONCLUSION

For the foregoing reasons, this Court grants Defendants' motion to vacate default judgment as to Defendant Alexander Inn only and denies Defendants' motion to vacate default judgment as to Defendants Patel and Devdhara. An appropriate form of order will be filed together with this Opinion.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: October 22, 2007

8